UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIFF SCALE OPERATION RESEARCH, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CYPRESS SEMICONDUCTOR CORPORATION,<br><br>Defendant. | C. A. No. 1:18-CV-372-LPS-CJB<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT CYPRESS SEMICONDUCTOR CORPORATION'S ANSWER TO DIFF SCALE OPERATION RESEARCH, LLC'S COMPLAINT**

Defendant Cypress Semiconductor Corporation ("Cypress") files this Answer in response to Plaintiff DIFF Scale Operation Research, LLC's ("DIFF") Complaint for Patent Infringement ("Complaint"). Cypress denies the allegations and characterizations in DIFF's Complaint unless expressly admitted in the following paragraphs.

1. Cypress admits that DIFF purports to state a claim for patent infringement, but denies that it has committed, contributed to, or induced acts of patent infringement. Cypress denies any and all other allegations of this paragraph not specifically and expressly admitted.

2. Cypress is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3. Cypress is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4. Cypress is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, on that basis, denies all such allegations.

5. Cypress is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and, on that basis, denies all such allegations.

6. Cypress is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, on that basis, denies all such allegations.

7. Cypress is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, on that basis, denies all such allegations.

8. Cypress is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, on that basis, denies all such allegations.

9. Cypress is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, denies all such allegations.

10. Cypress is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. Cypress is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, denies all such allegations.

12. Cypress admits that DIFF purports to be a limited liability company formed under the laws of Delaware. Cypress denies the remaining allegations of paragraph 12.

13. Cypress admits that DIFF purports Brooks Borchers to be the president and owner of DIFF, and that DIFF purports that Brooks Borchers formerly worked at Boston Scientific Corporation. Cypress denies the remaining allegations of paragraph 13.

14. Cypress admits that DIFF purports to be the assignee of the patents listed in paragraph 14. Cypress denies the remaining allegations of paragraph 14.

15. Cypress denies the allegations of this paragraph.

16. Admitted.

17. Cypress admits that DIFF's Complaint purports to state a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code, but denies that it has committed, contributed to, or induced acts of patent infringement. Further, this paragraph calls for a legal conclusion and, thus, no response is required. However, Cypress does not dispute that this Court has subject matter jurisdiction over DIFF's patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Cypress denies the remaining allegations of this paragraph.

18. Cypress admits that this Court has personal jurisdiction over Cypress. Cypress admits that it has a business presence in Delaware and in this district, and that Cypress resides in the District of Delaware as a Delaware Corporation. Cypress denies that it has committed,

contributed to, or induced acts of patent infringement. Cypress denies the remaining allegations of paragraph

19. This paragraph calls for a legal conclusion and, thus, no response is required. However, Cypress does not dispute that venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b), but denies that venue is convenient for either party in this district under 1404(a). Cypress admits that it has transacted business in the District of Delaware. Cypress denies that it has committed, contributed to, or induced acts of patent infringement. Except as expressly admitted, Cypress denies the remaining allegations of this paragraph.

20. Cypress is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on that basis, denies all such allegations.

21. Cypress is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, on that basis, denies all such allegations.

22. Cypress is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies all such allegations.

23. Cypress is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, on that basis, denies all such allegations.

24. Cypress is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, on that basis, denies all such allegations.

25. Cypress is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, denies all such allegations.

26. Cypress is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, on that basis, denies all such allegations.

27. Cypress admits that a purported copy of U.S. Patent No. 7,881,413, entitled *Digital PLL with Conditional Holdover*, is attached to the Complaint as Exhibit A. Cypress is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint and, on that basis, denies all such allegations.

28. Cypress admits that the '413 Patent purports to disclose that "Phase locked loops (PLL) providing for conditional holdover are especially suited for use in communications networks." '413 Patent at Abstract. Cypress denies that the '413 teaches "novel" phase locked loops (PLL), as the techniques purportedly taught in the '413 Patent were publicly known and existed in Cypress products sold prior to the earliest priority date of the '413 Patent. *See* ¶¶ 128-131, *infra*. Except as expressly admitted, Cypress denies the remaining allegations of this paragraph.

29. Cypress is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, on that basis, denies all such allegations.

30. Cypress admits that a purported copy of U.S. Patent No. 6,664,827, entitled *Direct Digital Synthesizer Phase Locked Loop,* is attached to the Complaint as Exhibit B. Cypress is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 30 of the Complaint and, on that basis, denies all such allegations.

31. Cypress admits that the ’827 Patent purports to disclose “systems for establishing a timing signal for synchronization of communications.” ’827 Patent at 1:14-16. The ’827 Patent further purports to disclose “Phase locked loops adapted to filter and store data indicative of the control signal applied to an oscillator permit suppression of tracking in the event of a step change in the phase difference between the reference clock signal and the feedback signal in the phase locked loop. Such phase locked loops further facilitate compensation for drift of the oscillator. Such phase locked loops are suitable for use in timing circuits of communications systems.” *Id*. at Abstract. Except as expressly admitted, Cypress denies the remaining allegations of this paragraph.

32. Cypress admits that the ’827 Patent purports to disclose that “For one embodiment, the invention provides a phase locked loop. The phase locked loop includes a digital phase comparator having a first input for receiving a reference clock signal, a second input for receiving a feedback signal, and an output for providing an error signal; a digital loop filter having an input for receiving the error signal and an output for providing a control signal; a numerically-controlled oscillator having an input for receiving the control signal and an output for providing a timing signal, wherein the feedback signal is derived from the timing signal.” ’827 Patent at 2:45-55. Except as expressly admitted, Cypress denies the remaining allegations of this paragraph.

33. Cypress admits that the ’827 Patent purports to disclose a processor with instructions to “detect a step change in a phase relationship between the reference clock signal and the feedback signal, and to recenter the digital phase comparator if a step change is

detected." '827 Patent at 2:59-62. Except as expressly admitted, Cypress denies the remaining allegations of this paragraph.

34. Cypress admits that the '827 Patent purports to disclose a processor with instructions to "sample and store data from the low-pass filter indicative of an average control signal, to compare the average control signal to a threshold limit, and to trim the oscillator if the average control signal is outside the threshold limit." '827 Patent 3:10-16. Except as expressly admitted, Cypress denies the remaining allegations of this paragraph.

35. Cypress admits that the '827 Patent purports to disclose "monitoring the phase comparator for a step change in the phase difference between the reference clock signal and the feedback signal; and recentering the phase comparator if a step change in the phase difference between the reference clock signal and the feedback signal is detected." '827 Patent at 3:24-29. Except as expressly admitted, Cypress denies the remaining allegations of this paragraph.

36. Cypress is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, on that basis, denies all such allegations.

37. Cypress admits that a purported copy of U.S. Patent No. 6,721,328, entitled *Adaptive Clock Recovery for Circuit Emulation Service,* is attached to the Complaint as Exhibit C. Cypress is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the Complaint and, on that basis, denies all such allegations.

38. Cypress admits that the '328 Patent purports to disclose "a method for clock recovery in a packet network. The method includes a network which receives data packets at a destination node. Then the data packets are stored in a buffer. The data packets are read out of

the buffer by using a locally generated clock. The fill level of the buffer is monitored over a first period of time. A relative maximum fill level for the buffer is identified during the first period of time. Further, the relative maximum fill level is used to control the frequency of the locally generated clock so as to control the rate at which data is read out of the buffer." '328 Patent at Abstract. Except as expressly admitted, Cypress denies the remaining allegations of this paragraph.

39. Cypress admits that the '328 Patent purports to disclose "adaptive clock recovery for circuit emulation service." '328 Patent at 1:8-9. Except as expressly admitted, Cypress denies the remaining allegations of this paragraph.

40. Cypress admits that the '328 Patent purports to disclose "A circuit and method for adaptive clock recovery for CES that uses a peak buffer fill level as an indicator to lock a local clock at a destination node with the service clock at a source node is disclosed." '328 Patent at 2:1-4. Except as expressly admitted, Cypress denies the remaining allegations of this paragraph.

41. Cypress admits that the '328 Patent purports to disclose "A relative maximum fill level for the buffer is identified during the first period of time. Further, the relative maximum fill level is used to control the frequency of the locally generated clock so as to control the rate at which data is read out of the buffer." '328 Patent at 2:11-15. Except as expressly admitted, Cypress denies the remaining allegations of this paragraph.

42. Cypress admits that the '328 Patent purports to disclose "As data is processed by destination node 105, read and write addresses are compared by peak fill level detector 113 and the difference is stored in a register. The peak fill level detector 113 may be implemented in a Field Programmable Gate Array ("FPGA") or may be performed by the microprocesssor, if every buffer fill sample is made available. Peak fill level detector 113continues to compare read

and write addresses for a period of time, e.g., one to two seconds, to check if the new buffer fill level based on the difference between the read address and write address is greater than the current value in the register. If so, the peak fill level detector 113 replaces the value in the register with the current buffer fill level. Ultimately, at the end of the period of time, the register contains a peak fill level for the buffer 109. At the end of the period of time, a processor 115 reads the register in the peak fill level detector 113 to get the peak fill number. Processor 115 clears the register to zero. Peak fill level detector 113 then repeats the process to obtain further peak fill numbers for further time periods. Processor 115 uses the peak fill number from the register and a clock control algorithm to adjust, as necessary, the input to a numerically controlled oscillator 117." '328 Patent at 3:3-25. Except as expressly admitted, Cypress denies the remaining allegations of this paragraph.

43. Cypress admits that the '328 Patent purports to disclose that "there is a need in the art for improvements in adaptive clock recovery for circuit emulation service ('CES')." '328 Patent at 1:60-62. Cypress further admits that claim 14 of the '328 Patent recites "controlling the frequency of a recovered clock signal based on the relative maximum fill level." *Id.* at 7:10-12. Except as expressly admitted, Cypress denies the remaining allegations of this paragraph.

44. Cypress admits that the '328 Patent purports to disclose "a method for clock recovery in a packet network." '328 Patent at Abstract. Except as expressly admitted, Cypress denies the remaining allegations of this paragraph.

45. Cypress is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and, on that basis, denies all such allegations.

**COUNT I: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,881,413**

46. All responses above are incorporated by reference as if fully set forth herein.

47. Admitted.

48. Admitted.

49. Cypress denies the allegations of this paragraph.

50. Admitted.

51. Admitted.

52. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

53. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

54. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

55. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

56. Admitted.

57. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

58. Cypress denies the allegations of this paragraph.

59. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

60. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

61. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

62. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis,

Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

63. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

64. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device.

65. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

66. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

67. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis,

Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

68. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

69. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

70. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

71. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

## COUNT II: ALLEGED INFRINGEMENT OF U.S PATENT NO. 6,664,827

72. All responses above are incorporated by reference as if fully set forth herein.

73. Admitted.

74. Admitted.

75. Cypress denies the allegations of this paragraph.

76. Admitted.

77. Admitted.

78. Admitted.

79. Cypress denies the allegations of this paragraph.

80. DIFF has defined this allegation to include all “timing devices” made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

81. DIFF has defined this allegation to include all “timing devices” made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

82. DIFF has defined this allegation to include all “timing devices” made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

83. DIFF has defined this allegation to include all “timing devices” made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

84. DIFF has defined this allegation to include all “timing devices” made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis,

Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

85. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

86. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

87. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

88. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

89. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

90. Cypress admits that the cited datasheet in Paragraph 90 of the Complaint describes an "out-of-lock state." However, DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

91. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

92. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

93. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

94. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

95. DIFF has defined this allegation to include all "timing devices" made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis,

Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

96. DIFF has defined this allegation to include all “timing devices” made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

97. DIFF has defined this allegation to include all “timing devices” made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

98. DIFF has defined this allegation to include all “timing devices” made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

99. DIFF has defined this allegation to include all “timing devices” made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

100. DIFF has defined this allegation to include all “timing devices” made, offered, imported, or used by Cypress without defining what comprises a timing device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

**COUNT III: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,721,328**

101. All responses above are incorporated by reference as if fully set forth herein.

102. Admitted.

103. Admitted.

104. Cypress denies the allegations of this paragraph.

105. DIFF has defined this allegation to include all "Backplane Physical Layer (PHY) devices" made, offered, imported, or used by Cypress without defining what comprises a PHY device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

106. Admitted.

107. Cypress denies the allegations of this paragraph.

108. DIFF has defined this allegation to include all "Backplane Physical Layer (PHY) devices" made, offered, imported, or used by Cypress without defining what comprises a PHY device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

109. DIFF has defined this allegation to include all "Backplane Physical Layer (PHY) devices" made, offered, imported, or used by Cypress without defining what comprises a PHY device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

110. DIFF has defined this allegation to include all "Backplane Physical Layer (PHY) devices" made, offered, imported, or used by Cypress without defining what comprises a PHY device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

111. DIFF has defined this allegation to include all "Backplane Physical Layer (PHY) devices" made, offered, imported, or used by Cypress without defining what comprises a PHY device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

112. DIFF has defined this allegation to include all "Backplane Physical Layer (PHY) devices" made, offered, imported, or used by Cypress without defining what comprises a PHY device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

113. DIFF has defined this allegation to include all "Backplane Physical Layer (PHY) devices" made, offered, imported, or used by Cypress without defining what comprises a PHY device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

114. DIFF has defined this allegation to include all "Backplane Physical Layer (PHY) devices" made, offered, imported, or used by Cypress without defining what comprises a PHY device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

115. DIFF has defined this allegation to include all "Backplane Physical Layer (PHY) devices" made, offered, imported, or used by Cypress without defining what comprises a PHY device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

116. DIFF has defined this allegation to include all "Backplane Physical Layer (PHY) devices" made, offered, imported, or used by Cypress without defining what comprises a PHY

device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

117. DIFF has defined this allegation to include all "Backplane Physical Layer (PHY) devices" made, offered, imported, or used by Cypress without defining what comprises a PHY device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

118. DIFF has defined this allegation to include all "Backplane Physical Layer (PHY) devices" made, offered, imported, or used by Cypress without defining what comprises a PHY device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

119. DIFF has defined this allegation to include all "Backplane Physical Layer (PHY) devices" made, offered, imported, or used by Cypress without defining what comprises a PHY device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

120. DIFF has defined this allegation to include all "Backplane Physical Layer (PHY) devices" made, offered, imported, or used by Cypress without defining what comprises a PHY device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

121. DIFF has defined this allegation to include all "Backplane Physical Layer (PHY) devices" made, offered, imported, or used by Cypress without defining what comprises a PHY device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

122. DIFF has defined this allegation to include all "Backplane Physical Layer (PHY) devices" made, offered, imported, or used by Cypress without defining what comprises a PHY device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

123. DIFF has defined this allegation to include all "Backplane Physical Layer (PHY) devices" made, offered, imported, or used by Cypress without defining what comprises a PHY device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

124. DIFF has defined this allegation to include all "Backplane Physical Layer (PHY) devices" made, offered, imported, or used by Cypress without defining what comprises a PHY device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

125. DIFF has defined this allegation to include all "Backplane Physical Layer (PHY) devices" made, offered, imported, or used by Cypress without defining what comprises a PHY device. On this basis, Cypress is unable to either admit or deny the full scope of this allegation, and on that basis at least, denies it.

## DIFF'S PRAYER FOR RELIEF

Cypress denies that DIFF is entitled to any relief from Cypress and denies all the allegations contained in Paragraphs A-E of DIFF's Prayer for Relief.

## DEMAND FOR JURY TRIAL

No response is necessary to DIFF's request for a trial by jury; however, to the extent that a response is necessary, Cypress admits that the Complaint sets forth a request for trial by jury.

**AFFIRMATIVE DEFENSES**

126. By asserting the following Affirmative Defenses, the burden of proof has not shifted away from DIFF for any issue on which DIFF bears the burden, including without limitation infringement. Cypress for its Affirmative Defenses to the Complaint of DIFF states as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

127. Cypress does not infringe and has not infringed, either directly or by inducing infringement of others, by contributing to the infringement of others, or at all, any claim of the ’413 Patent, ’827 Patent, or ’328 Patent.

**SECOND DEFENSE**
**(Invalidity)**

128. One or more claims of the ’413 Patent, the ’827 Patent, and the ’328 Patent are invalid for failure to comply with the statutory requirements of one or more of the provisions in Title 35 of the United States Code, including §§ 101, 102, 103, and/or 112.

129. For example, the Complaint alleges that the following Cypress parts infringe the ’827 Patent: “CY7B9973V; CY7B9945V; CY7B993V; CY7B994V; CY7B9930V; CY7B9940V; CY7B9911V; and CY7B995.” Compl. ¶ 74. These parts comprise a portion of Cypress’s RoboClock product family. RoboClock products, including those listed in the complaint, predate the priority date of the ’827 Patent by at least several years. *See*, *e.g.*, CY7B9911V datasheet dated December 1, 1999, attached hereto as Exhibit A. The original RoboClock products date from at least the mid-1990s, and the PLL circuitry has not changed since the products were first sold. Therefore, assuming that the claims of the ’827 Patent could

even be stretched to read on RoboClock, the patent is invalid under 35 U.S.C. § 102(a) and 102(b).

130. For example, the Complaint alleges that the following Cypress parts infringe the ’328 Patent: CYV15G0204RB, CYP15G0101DXB, CYV15G010DXB, CYV15G0104TRB, CYP15G0201DXB, CYP15G0403DXB, and CYV15G0404DXB. Compl. at ¶ 103. These parts comprise a portion of Cypress’s HOTLink II product family. All of the HOTLink II parts listed in the Complaint are package options of the 7B929xx HOTLink II product, which was developed in the 1990s. Design work for the 7B9294, which was renumbered to the CYP15Gxxx for marketing purposes, began in 1998. Further, HOTLink II is identical to the first-generation HOTLink product with respect to the clocking circuitry. HOTLink was on sale by the mid-1990s, as shown by the respective datasheets, attached hereto as Exhibit B. Therefore, assuming that the claims of the ’328 Patent could even be stretched to read on HOTLink II, the patent is invalid under 35 U.S.C. § 102(a) and 102(b).

131. For example, the Complaint alleges several Cypress products infringe the ’413 Patent. Similar to the ’827 Patent, the accused product families predate the ’413 Patent. The CY2291/CY2292 products were EPROM programmable clocks developed by Cypress by 1995. The CY23 FS04 is a fail-safe SONOS Zero Delay Buffer (ZDB) and shares the same base die and is derived from the older EPROM-based CY2304 ZDB (designed by 2000). The CY2304 ZDB was a metal mask/package option of the CY2308 ZDB (designed by 1996), which was in turn a metal mask derivative of the CY2907 (designed by 1996). The designs of the remaining products accused of infringing the ’413 Patent also predate the ’413 Patent: the CY26049-36 is another package option with the same base die as the CY23FS04; the CY7B9945V is a package option of the CY7B993V RoboClock discussed above; and CYV15G0401DXB is a HOTLink II

product. Therefore, assuming that the claims of the '827 Patent could even be stretched to read on the Accused Products, the Patent is invalid under 35 U.S.C. § 102(a) and 102(b).

**THIRD DEFENSE**
**(Failure To State a Claim)**

132. DIFF has failed to plead its claims with sufficient specificity or factual support to place Cypress on notice of the claims DIFF is asserting against it, such that Plaintiff DIFF has failed to state a claim upon which relief can be granted.

**FOURTH DEFENSE**
**(Prosecution History Estoppel)**

133. To the extent that DIFF alleges infringement under the doctrine of equivalents, DIFF's alleged cause of action is barred, including, without limitation, by way of example, under the doctrine of prosecution history estoppel, claim vitiation, and/or recapture. By virtue of statements made, amendments made, and/or positions taken during the prosecution of the applications for the '413 Patent, the '827 Patent, and/or the '328 Patent, DIFF is estopped from asserting that the '413 Patent, the '827 Patent, and/or the '328 Patent cover or include any Cypress product or service.

**FIFTH DEFENSE**
**(Limitations On Damages And Costs)**

134. DIFF's claims for damages or costs, if any, are statutorily limited by 35 U.S.C. §§ 286, 287, and/or 288, and may additionally be limited by 28 U.S.C. § 1498.

**SIXTH DEFENSE**
**(Equitable Defenses)**

135. DIFF"s claims of patent infringement are barred by at least the doctrines of estoppel, waiver, laches, and/or other equitable doctrines, including without limitation unclean hands.

**SEVENTH DEFENSE**
**(Covenant Not To Sue, Express Or Implied License, And/or Patent Exhaustion)**

136. DIFF"s claims are barred in whole or in part pursuant to a covenant not to sue, an express and/or implied license, and/or the doctrine of patent exhaustion.

**EIGHTH DEFENSE**
**(No Willful Infringement)**

137. Cypress has not willfully infringed the Asserted Patents.

**OTHER AFFIRMATIVE DEFENSES**

138. Cypress expressly reserves the right to assert any other legal or equitable defenses to which it is shown to be entitled.

Dated: May 11, 2018

FISH & RICHARDSON P.C.

By: */s/ Thomas L. Halkowski*
Thomas L. Halkowski (#4099)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
(302) 652-5070
halkowski@fr.com

ATTORNEYS FOR DEFENDANT
CYPRESS SEMICONDUCTOR CORPORATION